IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNIYA SWAN-SULLIVAN, On Behalf of Herself and All Others Similarly Situated,  )<br>)<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>EAT DRINK HERE L.L.C. AND CHARLES A. HODGE D/B/A SOVEREIGN REMEDIES,  )<br>)<br>)<br>)<br>*Defendants*.  ) | **CLASS AND COLLECTIVE ACTION**<br><br>**CASE NO. 1:21-cv-314**<br><br>**JURY DEMAND** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Uniya Swan-Sullivan ("Named Plaintiff") brings this class and collective action against Eat Drink Here L.L.C. and Charles A. Hodge d/b/a Sovereign Remedies ("Defendants" or "Sovereign Remedies"), an Asheville, North Carolina restaurant and bar, to recover unpaid minimum and overtime wages, liquidated damages, all related penalties, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq*. Plaintiff asserts her FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) ("Opt-In Plaintiffs"). Plaintiff asserts her North Carolina state law claims under the NCWHA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a class of similarly situated employees ("Putative Plaintiffs").

2. Sovereign Remedies had a systematic policy, pattern, and practice of failing to pay their employees at the appropriate statutory rate for hourly work and for hours worked in excess of forty (40) each week at a rate of one and one-half (1.5) times their regular rate of pay.

1

## I. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. This Court may properly exercise personal jurisdiction over Defendants because Defendants reside in and conduct business within this District.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

6. The claims for violation of the NCWHA are based upon the statutory law of the State of North Carolina.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims for violation of the NCWHA because they arise out of the same nucleus of operative fact as the FLSA claims.

8. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## II. PARTIES

**A. Named Plaintiff**

9. Named Plaintiff Swan-Sullivan is over the age of nineteen (19) and is a resident of Asheville, Buncombe County, North Carolina.

10. Named Plaintiff was employed by Sovereign Remedies from July 2019 to December 2020 as a Server.

**B. Defendant**

11. Defendant Eat Drink Here L.L.C. is a North Carolina limited liability company

2

Case 1:21-cv-00314-MOC-WCM   Document 1   Filed 10/22/21   Page 2 of 17

doing business within this judicial district. Specifically, Defendant Eat Drink Here L.L.C. is the business entity that owns Sovereign Remedies located at: 29 North Market Street, Unit 105, Asheville, North Carolina 28801. Defendant Eat Drink Here L.L.C.'s mailing address is 943 Riverside Drive, Woodfin, North Carolina 28804.

12. Defendant Eat Drink Here L.L.C.'s principal office is located at 29 N. Market Street, Unit 105, Asheville, North Carolina 28801-2924.

13. Defendant Eat Drink Here L.L.C. is an entity that has employed all employees, including Named Plaintiff and those she seeks to represent, who have worked at the Sovereign Remedies restaurant and bar in Asheville, North Carolina during the applicable time period to this lawsuit, as the term "employer" is defined by the FLSA and as it is defined by the NCWHA.

14. Defendant Eat Drink Here L.L.C. employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

15. Defendant Eat Drink Here L.L.C. has at all relevant times been an employer within the meaning of the FLSA and the NCWHA.

16. Defendant Charles A. Hodge is the managing member of Defendant Eat Drink Here L.L.C.

17. Defendant Hodge is the owner and operator of Defendant Eat Drink Here L.L.C. and its registered agent.

18. Defendant Hodge directs the operations of Sovereign Remedies. Defendant Hodge sets the employment policies and practices for Sovereign Remedies, including how employees are paid.

19. Defendant Hodge is the ultimate decision-maker on decisions of hiring, firing, discipline, promotion, and pay, including for the Named and Opt-In Plaintiffs in this action.

20. Defendant Hodge is an employer of all employees, including Named Plaintiff and those she seeks to represent, who have worked at the Sovereign Remedies restaurant in Asheville, North Carolina during the three-year period preceding the filing of this lawsuit, as the term "employer" is defined by the FLSA and as it is defined by the NCWHA.

21. Defendant Hodge employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

### III. FACTS

**A.     Defendants' Tip Practices**

22. Named Plaintiff and those she seeks to represent in this action were employed by Sovereign Remedies as Servers during the three years preceding the filing of this lawsuit.

23. Sovereign Remedies paid their servers less than $7.25 per hour. For example, Named Plaintiff initially eared $2.50 per hour in pay from Sovereign Remedies, and eventually received $3.00 per hour. In addition to their hourly rate, Sovereign Remedies' servers were allowed to keep some of their earned tips, but not all of them.

24. Sovereign Remedies is a traditional sit-down restaurant in which customers place their orders with a Server, and the Server provides them with their food and/or beverages.

25. Sovereign Remedies' servers, including the Named Plaintiff took customer orders, took customers' payment, prepared beverages, and served the customers their food and beverages at the customer's table.

26. Sovereign Remedies customers routinely would tip their Servers who interacted with them and served them.

27. Instead of allowing their Servers to keep the tips that they earned, Sovereign Remedies would deduct their tips – often more than 20% of their tips – to pay back of the house employees. Back of the house employees included dishwashers, cooks, and other employees who

4

did not interact with customers or earn tips.

28. Instead of paying Servers any of their tips during the workweeks when their tips were earned, of even the following week, Sovereign Remedies held the earned tips for two weeks, deducted from their earned tips to pay back of the house employees and/or keep a portion of their earned tips, and then would pay the remainder of their earned tips to the Servers.

29. In addition to their Server job duties, Sovereign Remedies' Servers were required to spend a considerable amount of time on non-tip producing work. Such non-tip producing work that Servers were required to perform during their assigned shift when they served customers included, but was not limited to, rolling napkins, polishing glassware, washing dishes, rolling silverware, organizing inventory, and deep cleaning the building. After the end of their assigned shift when they served customers, Servers were required to perform additional non-tip producing work including, but not limited to, sweeping, mopping, packing up patio furniture, washing dishes and glassware, using a shop vac to suction water from behind the bar, taking out trash, cleaning restrooms, and taking out recycling. This non-tip producing work constitutes well more than 20% of Servers total work, including Named Plaintiff's work. Servers were paid their sub-$7.25 hourly rate for all their time working, including their time performing this non-tip producing work.

30. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, for the time period until October 2020, Defendants purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other Servers. *See* 29 U.S.C. § 203(m).

31. However, because the practices described herein do not meet the statutory requirements of the FLSA's tip credit provision, Defendants impermissibly used the "tip credit" to meet their minimum wage obligations under the FLSA.

32. Thus, Named Plaintiff and other Servers were entitled to receive the full $7.25 per

5

hour statutory minimum wage for every hour worked.

33. Named Plaintiff and other Servers worked in excess of 40 hours in a workweek at their tipped hourly rate.

34. Defendants sought to utilize the "tip credit" to meet their statutory overtime obligations to Named Plaintiff and other Servers, and therefore paid an overtime rate of less than $10.88 per overtime hour (*i.e.*, hours in excess of 40 in a workweek).

35. However, as a result of the above-described practices, Defendants improperly used the "tip credit" to meet their overtime obligations.

36. Thus, whenever Named Plaintiff and other Servers worked overtime hours—*i.e.*, hours over 40 in a workweek—they were entitled to receive at least $10.88 per overtime hour, the statutory minimum wage for overtime hours.

## IV. COLLECTIVE ACTION ALLEGATIONS

37. Named Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former Servers employed at Sovereign Remedies at any time since October 22, 2018 who were paid an hourly rate of less than $7.25 before earned tips.

38. Named Plaintiff's claims should proceed as a collective action because Named Plaintiff and other similarly situated Servers, having worked pursuant to the common practices and policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. NCWHA CLASS ACTION ALLEGATIONS

39. Named Plaintiff brings a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated employees, for relief to redress and remedy Sovereign Remedies' violations of the NCWHA, N.C. Gen. Stat. § 95-

25.1, *et seq.*

40. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named, Opt-In, and Putative Plaintiffs.

41. Named Plaintiff asserts her Rule 23 class claims on behalf of the following class of Putative Plaintiffs:

> All current and former Servers employed at Sovereign Remedies at any time since October 22, 2018.

42. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Named Plaintiff at this time, upon information and belief, the class is comprised of dozens of individuals.

43. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Named, Opt-In, and Putative Plaintiffs have been harmed by Sovereign Remedies' misappropriation of Named, Opt-In, and Putative Plaintiffs' earned tips. A central question of law and fact in this litigation center around whether Sovereign Remedies required their Servers to contribute a portion of their earned tips to an illegal tip pool.

44. The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Sovereign Remedies, as alleged herein, and Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

7

Case 1:21-cv-00314-MOC-WCM   Document 1   Filed 10/22/21   Page 7 of 17

45. Named Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Named Plaintiff and members of the proposed class. Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

46. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action. Sovereign Remedies violated the NCWHA. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former

employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## V. CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

47. All previous paragraphs are incorporated as though fully set forth herein.

48. Named Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

49. Named Plaintiff and similarly situated Servers are employees of Sovereign Remedies entitled to the FLSA's protections.

50. Defendants are employers covered by the FLSA.

51. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

52. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

53. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendants' Servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Sovereign Remedies dishwashers and cooks—who do not have customer interaction.

54. By requiring Named Plaintiff and similarly situated Servers to share tips with

9

dishwashers and cooks, Sovereign Remedies has forfeited their right to utilize the "tip credit" in satisfying their minimum wage obligations to Named Plaintiff and similarly situated Servers. As such, Sovereign Remedies has violated the FLSA's minimum wage mandate by paying Named Plaintiff and similarly situated Servers an hourly wage below $7.25 for regular hours worked.

55. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendant's Servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendant's servers—spend large amounts of time performing non-tip-producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." See 29 C.F.R. § 531.56(e).

56. By requiring Plaintiffs and similarly situated Servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

57. In violating the FLSA, Sovereign Remedies acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT 2
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Named Plaintiff asserts this claim on behalf of herself and all similarly situated

10

individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

60. Named Plaintiff and similarly situated Servers are employees entitled to the FLSA's protections.

61. Defendants are employers covered by the FLSA.

62. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

63. The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. 29 U.S.C. §§ 206, 207.

64. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate on overtime hours, so long as employees receive proper notice of the tip credit and receive $10.88 per hour including their tips. *See* 29 U.S.C. § 203(m).

65. However, the amount of the tip credit on overtime hours may not exceed $5.12 per hour. *See* 29 U.S.C. § 203(m). Thus, the minimum tipped hourly rate for overtime hours is $5.76 per hour (*i.e.*, $10.88 per hour minus $5.12 per hour).

66. Defendants pay Named Plaintiff and similarly situated Servers a tipped hourly rate and Defendants rely on the tips Named Plaintiff and similarly situated Servers earn to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

67. Named Plaintiff and similarly situated Servers employed by Sovereign Remedies have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

68. However, employers forfeit the right to rely on the tip credit, including to satisfy the overtime requirements of the FLSA, when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

11

Case 1:21-cv-00314-MOC-WCM    Document 1    Filed 10/22/21    Page 11 of 17

69. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendants' Servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Sovereign Remedies' dishwashers, cooks, and prep cooks—who do not have customer interaction or whose direct customer interaction is minimal.

70. By requiring Named Plaintiff and similarly situated Servers to share tips with dishwashers, cooks, and prep cooks, Sovereign Remedies has forfeited their right to utilize the "tip credit" in satisfying their overtime wage obligations to Named Plaintiff and similarly situated Servers. As such, Sovereign Remedies has violated the FLSA's overtime wage mandate by paying Named Plaintiff and similarly situated Servers an hourly wage below $10.88 for overtime hours worked.

71. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendant's Servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendant's servers—spend large amounts of time performing non-tip-producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." See 29 C.F.R. § 531.56(e).

72. By requiring Plaintiffs and similarly situated Servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendant has forfeited its right to utilize the

12

"tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

73. In violating the FLSA, Sovereign Remedies acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT 3
### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
### N.C. GEN. STAT. §§ 95-25.6, 95-25.7, 95-25.8, 95-25.12

74. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

75. At all relevant times, Defendants have employed and/or continue to employ Named, Opt-In, and Putative Plaintiffs within the meaning of the NCWHA.

76. Defendants employed Named, Opt-In, and Putative Plaintiffs within the State of North Carolina.

77. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

78. Funds received directly by Named, Opt-In, and Putative Plaintiffs as tips constituted "wages" because the tip credit was taken, and Defendants treated them as wages, consistent with explicit Fourth Circuit authority.

79. Regardless of whether Sovereign Remedies may have received authorization otherwise in compliance with N.C. Gen. Stat. § 95-25.8(a), Sovereign Remedies withheld Named,

13

Opt-In, and Putative Plaintiffs' wages "for purposes not permitted by law," as provided above, and are therefore liable for these unlawful withholdings.

80. Sovereign Remedies unlawfully withheld and diverted funds from the compensation earned by Named, Opt-In, and Putative Plaintiffs for an improper purpose, to offset Defendants' business expenses, including, but not limited to, the cost of employing other workers, and through an invalid and illegal tip pooling arrangement, in direct violation of the NCWHA.

81. Additionally, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is not known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee; (2) providing the reason for each deduction; (3) providing advance written notice of the actual amount to be deducted; and (4) providing written notice to employees of their right to withdraw authorization.

82. Beyond withholding Named, Opt-In, and Putative Plaintiffs' wages "for purposes not permitted by law," Defendants violated N.C. Gen. Stat. § 95-25.8(a)(3) by not receiving sufficient authorization from Named, Opt-In, and Putative Plaintiffs, including, but not limited to, failing to provide advance written notice of the actual amount to be deducted, or failure to provide written notice of employees' right to withdraw authorization.

83. As a result of Defendants' unlawful policies and practices, Named, Opt-In, and Putative Plaintiffs have been deprived of compensation due and owing, including compensation owed under N.C. Gen. Stat. § 95-25.7.

84. Consistent with the above, Sovereign Remedies failed to pay Named, Opt-In, and Putative Plaintiffs all owed, promised, and earned wages, in violation of N.C. Gen. Stat. § 95-25.6.

85. Sovereign Remedies cannot affirmatively defend their NCWHA violations as having been done in good faith, entitling Named, Opt-In, and Putative Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under N.C. Gen. Stat. § 95-25.22(a1).

86. As such, Named, Opt-In, and Putative Plaintiffs seek to recover from Sovereign Remedies the following damages:

    a. Unpaid owed, earned, and promised wages and benefits;

    b. Misappropriated and/or unlawfully deducted wages;

    c. Liquidated damages in an equal amount;

    d. Reasonable attorneys' fees and costs;

    e. Prejudgment interest; and

    f. All other legal and equitable relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b), and designating Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all unpaid and underpaid minimum and overtime wages that Defendants have failed

and refused to pay in violation of the FLSA;

F. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. An order certifying this action as a class action under the NCWHA, and designating Named Plaintiff as a representative on behalf of all those similarly situated under the NCWHA class;

I. A finding that Defendants have violated the NCWHA;

J. A finding that Defendants' violations of the NCWHA are willful;

K. A judgment against Defendants and in favor of Named Plaintiff and the Rule 23 class members for the actual damages for all unpaid and misappropriated wages and benefits found due to Named Plaintiff and the Rule 23 class members, and liquidated damages equal in amount, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1);

L. An award to Named Plaintiff and all Rule 23 class members of all pre- and post-judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a);

M. An award to Named Plaintiff and all Rule 23 class members of all attorneys' fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), the FLSA and the Federal Rules of Civil Procedure; and

N. Such other and further relief as this Court deems just and proper.

### VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 22, 2021

Respectfully submitted,

/s/ Narendra K. Ghosh
Narendra K. Ghosh (NC Bar No. 37649)

PATTERSON HARKAVY LLP
100 Europa Dr., Suite 250
Chapel Hill, NC 27517
Telephone: 919-942-5200
Fax: 866-397-8671
nghosh@pathlaw.com

David W. Garrison (TN Bar No. 24968) *
Joshua A. Frank (TN Bar No. 33294) *
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Motion for *Pro Hac Vice* Admission forthcoming

*Counsel for Plaintiff*