IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00314-MOC-WCM

| | |
|---|---|
| UNIYA SWAN-SULLIVAN, *on behalf of herself and all others similarly situated,* </br></br> Plaintiff, </br></br> v. </br></br> EAT DRINK HERE L.L.C., </br> CHARLES A. HODGE </br> *doing business as* </br> *Sovereign Remedies* </br></br> Defendants. | ORDER |

This matter is before the Court on a "Joint Motion for Conditional Class Certification and Notice to Putative Collective Action Members and Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan" (the "Motion," Doc. 18).

I. Background

On October 22, 2021, Plaintiff filed her Class and Collective Action Complaint asserting claims pursuant to the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Doc. 1. Plaintiff brings her FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and her NCWHA claims on behalf of herself and a class of

1

similarly situated employees pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

Defendants answered on February 4, 2022. Doc. 17.

On March 1, 2022, the parties jointly filed the Motion. Doc. 18. Therein, the parties state that they have agreed to conditional class certification and notice under Section 16(b) of the FLSA, "to be followed by a period during which the parties attempt to resolve the action by agreement…." Doc. 18 at 1.

## II.  Discussion

The parties jointly move for the entry of an order conditionally certifying a class of individuals and authorizing notice to be sent to those individuals by U.S. mail, electronic mail, and Short Message Service (SMS)/text message. Doc. 18 at 2.

The parties additionally request that the Court approve a Notice and Consent Form (Doc. 18-1), and that additional deadlines be put into place to allow the parties to proceed with settlement negotiations. See Doc. 18 at 3.

For the reasons set forth therein, the Motion will be allowed, and the parties' proposed class will be conditionally certified. This conditional certification is without prejudice to Defendants' right to move to decertify the class at an appropriate time.

**IT IS THEREFORE ORDERED** that the "Joint Motion for Conditional Class Certification and Notice to Putative Collective Action Members and

2

Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan" (Doc. 18) is **GRANTED AS FOLLOWS**:

1. The following class of individuals is conditionally certified in accordance with Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b):

   > All current and former servers employed at Sovereign Remedies at any time since October 22, 2018 who were paid an hourly rate of less than $7.25 before earned tips.

2. The Notice and Consent Form (Doc. 18-1) is **APPROVED** for issuance to potential Opt-In Plaintiffs.

3. On or before **March 15, 2022**, Defendants shall provide to Plaintiffs' counsel an Excel spreadsheet containing the name, last known mailing address(es), last known e-mail address(es), last known telephone number(s), and dates of employment for each current or former employee in the conditionally certified class.

4. On or before **March 22, 2022**, Plaintiff's counsel shall cause the approved Notice and Consent Form to issue to potential Opt-In Plaintiffs via U.S. Mail, e-mail, and Short Message Service (SMS) / text message, at Plaintiff's initial expense and without prejudice to seeking reimbursement and shall include a self-addressed, postage-prepaid envelope with the initial mailing.

5. Potential Opt-In Plaintiffs shall have until **May 20, 2022** to opt into this action, and any Consent Form postmarked on or before May 20, 2022, or transmitted to Plaintiff's counsel via e-mail or facsimile on or before such date, shall be deemed timely.

6. On or before **June 3, 2022**, Defendants shall produce the payroll, timekeeping, and tip data for all individuals who have opted into this action.

7. The parties shall engage in settlement negotiations in a good faith attempt to resolve this matter **prior to July 8, 2022**.

8. On or before **July 8, 2022**, the parties shall file either a Joint Notice of Settlement, or, if no resolution has been reached, a Certificate of Initial Attorneys' Conference and proposed discovery plan.

**IT IS FURTHER ORDERED** that, for good cause shown, including the deadlines imposed and exchange of information directed herein, the entry of a Pretrial Order and Case Management Plan is **TEMPORARILY DEFERRED**.

Signed: March 8, 2022

W. Carleton Metcalf
United States Magistrate Judge