UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21cv314-MOC

| | | |
|---|---|---|
| UNIYA SWAN-SULLIVAN, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | ORDER |
| EAT DRINK HERE L.L.C. and CHARLES A. HODGE d/b/a SOVEREIGN REMEDIES, | ) ) ) ) | |
| *Defendants*. | ) ) | |

This matter is before the Court on Plaintiffs' Unopposed Motion for Approval of Fair Labor Standards Act Settlement, and to Voluntarily Dismiss Rule 23 Class Claims. (Doc. No. 39). Having reviewed the parties' executed Settlement Agreement and Plaintiffs' submissions in support of the Motion, the Court **GRANTS** the Motion.

First, the Court finds the Settlement Agreement represents a reasonable compromise of *bona fide* disputes under the Fair Labor Standards Act ("FLSA"). The parties have identified several disputes going to the merits of the case, the amount of damages, the relevant statute of limitations, and numerous other issues demonstrating that these claims are contested. The parties engaged in arms' length negotiations focused on reaching a compromise of these contested claims, which resulted in the present settlement. This settlement represents a fair recovery to compensate Plaintiffs for their claim that they are owed unpaid wages and tips. Thus, the payment to Plaintiffs is **APPROVED** as fair and reasonable.

Second, the Court is satisfied that the payment of $31,000 in settlement of all claims for attorneys' fees, costs, and expenses is reasonable. The Court has considered the declaration submitted by Plaintiffs' counsel, the citation to the authority from this and other courts, and the

background of this litigation. Based on that evidence, the Court finds that this payment is reasonable under the standard articulated by the Fourth Circuit for evaluating the reasonableness of attorneys' fees, including the twelve <u>Johnson</u> factors. Accordingly, the agreed-upon payment for attorneys' fees, costs, and expenses is **APPROVED** as fair and reasonable.

Third, the $2,000 service payment to the Named Plaintiff is **APPROVED**. This payment is reasonable given Plaintiff's role in the investigation, filing, and prosecution of this litigation, and it is consistent with the authority regarding service payments from this and other courts.

Accordingly, the FLSA claims and state law claims of the Named and Opt-In Plaintiffs are hereby **DISMISSED WITH PREJUDICE**.

Finally, recognizing the unique posture of this case, including the fact that class certification pursuant to Rule 23 has not been sought or granted, the Court finds that voluntary dismissal without prejudice of the class allegations is appropriate pursuant to FED. R. CIV. P. 23(e). Accordingly, those claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Max O. Cogburn Jr
United States District Judge